UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESTER WILLIAMS, # 387667,     )

                       )

         Plaintiff,     )     Case No. 1:06-cv-706

                       )

v.     )     Honorable Robert Holmes Bell

                       )

JOHN T. HAMMOND, et al.,     )

                       )     **MEMORANDUM OPINION**

         Defendants.     )

_____)

In this civil rights action, plaintiff brings suit against the State of Michigan, a state circuit judge, circuit court clerk, and two prosecuting attorneys, and plaintiff's trial counsel in a Berrien County, Michigan, criminal case. Plaintiff alleges that he was convicted in the circuit court, Judge John Hammond presiding, of one count of assault with intent to commit great bodily harm less than murder, carrying a concealed weapon, and possession of a firearm during the commission of a felony. Plaintiff's claims arise from the alleged deprivation of his right to appeal, for which he seeks a money judgment and reinstatement of his appeal of right. By report and recommendation issued October 17, 2006, Magistrate Judge Joseph G. Scoville recommended that the complaint be dismissed in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2), 1915(A), on grounds of immunity and for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983. Plaintiff has filed timely objections to the report and recommendation, which the court must afford *de novo* review. FED. R. CIV. P. 72(b).

Upon *de novo* review of plaintiff's objections, the court concludes that they are without merit.  First, the magistrate judge concluded that the State of Michigan was absolutely immune from suit under the Eleventh Amendment.  Plaintiff advances no reason to conclude otherwise.  Next, the report and recommendation concluded that Judge Hammond was entitled to absolute immunity from plaintiff's claim for monetary damages under the doctrine of judicial immunity.  Plaintiff correctly points out judicial immunity does not shield a judge from suits for injunctive relief, but plaintiff has not identified any injunctive relief to which the judge might be subject under the facts of this case.  Likewise, the magistrate judge concluded that the county prosecutor and his assistants are entitled to quasi-judicial, prosecutorial immunity.  Again, plaintiff rightly points out that prosecutors are not immune for actions not directly related to presenting and arguing their cases in court, but plaintiff has not asserted any allegedly wrongful act by the prosecutors that might fall outside the scope of the immunity doctrine.  Finally, the magistrate judge determined that the Berrien County Clerk was entitled to quasi-judicial immunity.  Plaintiff alleges that the clerk gave him the wrong set of appellate papers, at the direction of the court.  Such conduct, if it occurred, falls squarely within the immunity doctrine.  Plaintiff's defense attorney in the state criminal trial, although not entitled to immunity, is not subject to suit under 42 U.S.C. § 1983, because attorneys, even if court-appointed, do not act under color of state law.  *Polk County v. Dodson*, 454 U.S. 312, 321 (1981).

The magistrate judge was also correct in concluding that plaintiff's request for an order requiring reinstatement of his direct appeal or other relief from his conviction cannot be maintained in a civil rights action, but must be brought by habeas corpus petition, after exhaustion of all state remedies.  Moreover, the magistrate judge's invocation of the doctrine of *Heck v.*

*Humphrey*, 512 U.S. 477 (1994), to bar any damage claim arising from allegedly wrongful conviction until such time as the conviction has been reversed or overturned, was certainly appropriate in light of the allegations of plaintiff's complaint.

In summary, this court's *de novo* review of plaintiff's objections indicates that a section 1983 civil rights action brought against a judge, the prosecutor, and the State of Michigan is a completely inappropriate method for redress of the claims set forth in plaintiff's complaint.  If plaintiff believes that he has been deprived of an appeal of right from his criminal conviction, he must raise that issue in the appropriate manner at all levels of the state court system and only then may he assert his claim in federal court by proper habeas corpus petition.  Plaintiff's attempt to circumvent this procedure by bringing a section 1983 civil rights action is unavailing.  The complaint will therefore be dismissed upon grounds of immunity and for failure to state a claim upon which relief can be granted.


Date:      November 30, 2006              /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE